UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
HILDA L. SOLIS, Secretary of Labor,　　　　　　　　　　　　　Civil Action File
United States Department of Labor,　　　　　　　　　　:　　No. 13-CV-0199
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　LDW, ETB
　　　　　　　　Plaintiff,　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　CONSENT JUDGMENT
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
STARDUST DINER, INC., a Corporation
d.b.a. COLONY DINER; an　　　　　　　　　　　　　　　　　　　　　　FILED
GEORGE STRIFAS, Individually　　　　　　　　　　:　　　　IN CLERK'S OFFICE
and as President; and　　　　　　　　　　　　　　　　　　　　U S DISTRICT COURT E D N Y
THOMAS STRIFAS, Individually　　　　　　　　　　:　　★　　JAN 24 2013　　★
and as Vice President
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　　LONG ISLAND OFFICE
　　　　　　　　Defendants
-------------------------------------------------------------------

　　　　Plaintiff, the Secretary of Labor, has filed her Complaint and defendants STARDUST DINER, INC. d.b.a. COLONY DINER and GEORGE STRIFAS, individually and as President, and THOMAS STRIFAS, individually and as Vice President, appeared by Counsel, waive their answer, and agree to the entry of this judgment without contest. By executing this Consent Judgment, defendants waive formal service of process of the summons and complaint in this matter.

　　　　Defendants STARDUST DINER, INC. d.b.a. COLONY DINER and GEORGE STRIFAS, individually and as President, and THOMAS STRIFAS, individually and as Vice President, appeared by Counsel, acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this court if they fail to comply with the provisions of this Judgment. It is, therefore, upon motion of the attorneys for plaintiff and for cause shown ORDERED that:

　　　　1. Defendants, their officers, employees, agents, and all persons acting or claiming to act in the defendants' behalf and interest be, and they hereby are, permanently enjoined and

restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

(1) Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2) Defendants shall pay employees at time and one-half their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a) (2) of the Act, unless the employee receives compensation in compliance with the Act.

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

II. Defendants STARDUST DINER, INC. d.b.a. COLONY DINER and GEORGE STRIFAS, individually and as President, and THOMAS STRIFAS, individually and as Vice President, are enjoined and restrained from withholding the payment of a total of **$501,522.86 ($26,117.02 in minimum wages and $301,267.60 in overtime compensation, plus $10,395.93 in interest, plus $163,742.31 in liquidated damages)** due certain employees set forth in Exhibit

A. Payment of this amount will be made in the total amount by **October 15, 2015** which is in accordance with the amounts due and dates set forth in Exhibit B.

All payments shall be in separate cashier or certified checks made payable to **"Wage and Hour Division - Labor" with "Case No. 1546598" written on the face of each check.**

The checks shall be sent to:

**U.S. Department of Labor/Wage & Hour Division**
**The Curtis Center, Suite 850, West**
**170 S. Independence Mall West**
**Philadelphia, PA 19106-3317**

III. On or before the dates indicated on Exhibit B, defendants shall send a copy of each of the checks to:

**U.S. Department of Labor/Wage & Hour Division**
**1400 Old Country Road, Suite 410**
**Westbury, New York 11590-5119**
**Attn: Richard Mormile, Assistant Director**

IV. Neither defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages under this Judgment.

V. The plaintiff shall deliver the proceeds of each check less any legal deductions to the employees named on Exhibit A. Any sums not distributed to the employees or to their personal representatives, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §2041 and §2042.

VI. Defendants shall provide to plaintiff the social security numbers and last known addresses of the defendants' employees and former employees to be paid under this judgment.

VII. Defendants shall pay civil money penalties in the amount $33,423.50 ($32,450.00 in civil money penalties plus $973.50 in interest) **no later than November 15, 2015.** Payment

shall be made by separate cashier or certified check[s] made payable to **"Wage and Hour Division - Labor"** with **"Civil Money Penalty – FLSA Case No. 1546598"** written on the face of the check for **$33,423.50**. Payment of this amount will be made in accordance with the amount and due date set forth in Exhibit B.

The certified check[s] shall be sent to:

**U.S. Department of Labor/Wage Hour Division
The Curtis Center, Suite 850 West
170 S. Independence Mall West
Philadelphia, PA 19106-3317**

On or before **November 15, 2015**, Defendants shall send a copy of the check to Richard Mormile, Assistant Director as set forth in paragraph III above.

VIII. If the defendants fail to make an installment payment on Exhibit B without making up the arrearage within two weeks after written notice to defendants, the entire balance shall become due and payable immediately.

IX. Defendants shall place FLSA posters in English and in any other language spoken by the employees. These posters will be provided by the Wage and Hour Division as available. Defendants shall display the posters where employees may view them.

X. Defendants shall orally inform all their employees in English and in any other language spoken by the employees of the their rights under the Fair Labor Standards Act, and the terms of this Judgment, including the payment of minimum wages and overtime and the rights of employees to engage in activity protected by the Act without fear of retaliation. The defendants shall so inform their employees within thirty (30) days of the entry of Judgment on a workday.

XI. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of

defendant not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against defendant under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Judgment to file any action against defendant under section 16(b) of the Act for any violations alleged to have occurred after **September 10, 2010.**

XII. Defendants shall implement the compliance program described in Exhibit C attached hereto within thirty days of the entry of this Judgment.

XIII. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

**SO ORDERED:**

DATED: 1/24/13
Central Islip, NY

s/ Leonard D. Wexler
UNITED STATES DISTRICT JUDGE

Defendants have appeared by counsel and
Consent to the entry of this Judgment.

STARDUST DINER, INC.
d.b.a. COLONY DINER

BY:

GEORGE STRIFAS, Individually and as President

THOMAS STRIFAS, Individually and as Vice President

Robert Milman, Esq.
Marshall M. Miller Associates, Inc.
3000 Marcus Avenue, Suite 3W8
Lake Success, New York 11042
Attorneys for Defendants

6

STATE OF NEW YORK         )
                          : SS:
COUNTY OF NASSAU          )

On the 4th day of January 2012 before me personally appeared GEORGE STRIFAS to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

JAMIE FELSEN
Notary Public, State of New York
No. 02FE6154383
Qualified in Nassau County
Commission Expires October 23, 2010
12/15/14

NOTARY PUBLIC

STATE OF NEW YORK        )
                         : SS:
COUNTY OF NASSAU         )


On the ⁴ᵗʰ day of January 2012 before me personally appeared THOMAS STRIFAS to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.


JAMIE FELSEN
Notary Public, State of New York
No. 02FE6154383
Qualified in Nassau County
Commission Expires October 23, 201_
12/15/14

_____
NOTARY PUBLIC

8

# EXHIBIT A

**STARDUST DINER, INC.**
**d.b.a. COLONY DINER**
**CASE ID 1546598**

| Last Name | First Name | BWs Due | Liquidated Damages | Totals |
|---|---|---|---|---|
| ALVARADO | IBIS DONEY | $4,764.16 | $2,382.08 | $7,146.24 |
| AMAYA | AUGUSTINO | $4,655.06 | $2,327.53 | $6,982.59 |
| ANAYA | OSMIN | $319.35 | $159.68 | $479.03 |
| BANEGAS | JORGE | $20,203.17 | $10,101.59 | $30,304.76 |
| BONILLA | ALEXANDER | $5,309.68 | $2,654.84 | $7,964.52 |
| BONILLA | SANTOS | $12,061.26 | $6,030.63 | $18,091.89 |
| CARTGENA | JOSE | $4,836.90 | $2,418.45 | $7,255.35 |
| CELAYA | ANTONIO | $16,903.22 | $8,451.61 | $25,354.83 |
| CLABASQUI | ARTURO | $15,523.81 | $7,761.91 | $23,285.72 |
| CRONIN | KIMBERLY | $5,627.73 | $2,813.87 | $8,441.60 |
| DELGADO | JOSH | $10,792.74 | $5,396.37 | $16,189.11 |
| DOE | ABBY | $132.51 | $66.26 | $198.77 |
| DOE | ADELE | $327.31 | $163.66 | $490.97 |
| DOE | ALEX | $6,884.41 | $3,442.21 | $10,326.62 |
| DOE | ALYSA | $1,386.53 | $693.27 | $2,079.80 |

# EXHIBIT A

# EXHIBIT A

STARDUST DINER, INC.
d.b.a. COLONY DINER
CASE ID 1546598

| Last Name | First Name | BWs Due | Liquidated Damages | Totals |
|---|---|---|---|---|
| ~~DOE~~ OROE | AMANDA | $2,231.16 | $1,115.58 | $3,346.74 |
| DOE | AMILLA | $1,341.55 | $670.78 | $2,012.33 |
| DOE | ARTURO | $1,774.15 | $887.08 | $2,661.23 |
| DOE | CHRIS | $923.16 | $461.58 | $1,384.74 |
| DOE | DAVID | $4,909.64 | $2,454.82 | $7,364.46 |
| DOE | DONNA | $285.45 | $142.73 | $428.18 |
| DOE | DOUG | $1,137.20 | $568.60 | $1,705.80 |
| DOE | ELAINE | $941.18 | $470.59 | $1,411.77 |
| DOE | ERICA | $1,137.20 | $568.60 | $1,705.80 |
| DOE | EVER | $5,309.68 | $2,654.84 | $7,964.52 |
| DOE | GILBERTO | $3,273.09 | $1,636.55 | $4,909.64 |
| DOE | GINO | $5,150.18 | $2,575.09 | $7,725.27 |
| DOE | GUSTAVO | $887.07 | $443.54 | $1,330.61 |
| DOE | JEFF | $2,944.65 | $1,472.33 | $4,416.98 |
| DOE | LENNY | $9,481.98 | $4,790.83 | $14,272.81 |

# EXHIBIT A

# EXHIBIT A

**STARDUST DINER, INC.**
**d.b.a. COLONY DINER**
**CASE ID 1546598**

| Last Name | First Name | BWs Due | Liquidated Damages | Totals |
|---|---|---|---|---|
| DOE | LEVINE | $363.68 | $181.84 | $545.52 |
| DOE | LIONIDAS | $8,693.60 | $4,346.80 | $13,040.40 |
| DOE | LIZZ | $114.33 | $57.17 | $171.50 |
| DOE | LYDIA | $1,931.48 | $965.74 | $2,897.22 |
| DOE | MIKA | $110.25 | $55.13 | $165.38 |
| DOE | MIKE | $1,552.71 | $776.36 | $2,329.07 |
| DOE | NICK | $2,482.76 | $1,241.38 | $3,724.14 |
| DOE | NIKO | $1,460.72 | $730.36 | $2,191.08 |
| DOE | NONDAS | $5,867.03 | $2,933.52 | $8,800.55 |
| DOE | PAM | $1,053.46 | $526.73 | $1,580.19 |
| DOE | PICALINO | $5,309.68 | $2,654.84 | $7,964.52 |
| DOE | RICKY | $327.31 | $163.66 | $490.97 |
| DOE | ROXANA | $166.61 | $83.31 | $249.92 |
| DOE | STEVE | $647.82 | $323.91 | $971.73 |
| DOE | UMBERTO | $576.60 | $288.30 | $864.90 |

# EXHIBIT A

# EXHIBIT A

STARDUST DINER, INC.
d.b.a. COLONY DINER
CASE ID 1546598

| Last Name | First Name | BWs Due | Liquidated Damages | Totals |
|---|---|---|---|---|
| DOE | VANNI | $5,594.48 | $2,797.24 | $8,391.72 |
| DOE | WILLIE | $2,218.43 | $1,109.22 | $3,327.65 |
| DOE | ZUS | $1,492.01 | $746.01 | $2,238.02 |
| DRIVAS | MARIA | $200.77 | $100.39 | $301.16 |
| FLORES | FERNANDO | $3,237.82 | $1,618.91 | $4,856.73 |
| KEELER | ROBERT | $1,913.82 | $956.91 | $2,870.73 |
| MALDONADO | ALEJANDROS | $11,512.26 | $5,756.13 | $17,268.39 |
| MARQUEZ | SOFIA | $1,747.17 | $873.59 | $2,620.76 |
| MARTINEZ | JOSE D. | $7,687.98 | $3,843.99 | $11,531.97 |
| MEDINA | JOSH | $5,992.68 | $2,996.34 | $8,989.02 |
| MELENDEZ | OSCAR | $12,087.87 | $6,043.94 | $18,131.81 |
| MONGE | SALVADOR | $1,108.84 | $554.42 | $1,663.26 |
| MORENO | OSCAR | $8,649.55 | $4,324.78 | $12,974.33 |
| MUNOZ | MARVIN | $7,504.65 | $3,752.33 | $11,256.98 |
| ORFANOS | GEORGE | $6,622.21 | $3,311.11 | $9,933.32 |

# EXHIBIT A

# EXHIBIT A

STARDUST DINER, INC.
d.b.a. COLONY DINER
CASE ID 1546598

| Last Name | First Name | BWs Due | Liquidated Damages | Totals |
|---|---|---|---|---|
| ORTIZ | FRANKLIN | $310.48 | $155.24 | $465.72 |
| OSORIO | LUIS | $11,512.26 | $5,756.13 | $17,268.39 |
| PARK | BENNY | $46.76 | $23.38 | $70.14 |
| RAMIREZ | ISIDRO | $2,727.58 | $1,363.79 | $4,091.37 |
| ROSA | JONATHAN | $13,331.94 | $6,665.97 | $19,997.91 |
| SCARPACI | ANTHONY | $2,911.17 | $1,455.59 | $4,366.76 |
| SMOUDIANIS | THEODOROS | $22,655.74 | $11,327.87 | $33,983.61 |
| TORRES | LUIS | $113.70 | $56.85 | $170.55 |
| TORRES | CHRISTOPER | $1,272.87 | $636.44 | $1,909.31 |
| TURCIOS | OSCAR LOPEZ | $11,800.07 | $5,900.04 | $17,700.11 |
| VELASQUEZ | SAUL | $436.41 | $218.21 | $654.62 |
| VLATIMIR | SERGIO | $581.88 | $290.94 | $872.82 |
| TOTALS | - | $327,384.62 | $163,742.31 | $491,126.93 |

# EXHIBIT A

# EXHIBIT B

**STARDUST DINER INC.**
**d.b.a. COLONY DINER**
**CASE ID 1546598**

| Payment No. | DATE DUE | AMOUNT DUE | INTEREST DUE | TOTAL DUE |
|---|---|---|---|---|
| 1 | 12/15/2012 | $8,621.28 | $9.67 | $8,630.95 |
| 2 | 01/15/2013 | $8,621.28 | $33.18 | $8,654.46 |
| 3 | 02/15/2013 | $8,621.28 | $13.13 | $8,634.41 |
| 4 | 03/15/2013 | $8,621.28 | $30.33 | $8,651.61 |
| 5 | 04/15/2013 | $8,621.28 | $106.67 | $8,727.95 |
| 6 | 05/15/2013 | $8,621.28 | $18.83 | $8,640.11 |
| 7 | 06/15/2013 | $8,621.28 | $12.14 | $8,633.42 |
| 8 | 07/15/2013 | $8,621.28 | $155.86 | $8,777.14 |
| 9 | 08/15/2013 | $8,621.28 | $17.27 | $8,638.55 |
| 10 | 09/15/2013 | $8,621.28 | $9.95 | $8,631.23 |
| 11 | 10/15/2013 | $8,621.28 | $78.63 | $8,699.91 |
| 12 | 11/15/2013 | $8,621.28 | $162.14 | $8,783.42 |
| 13 | 12/15/2013 | $6,621.28 | $8.61 | $6,629.89 |
| 14 | 01/15/2014 | $6,621.28 | $100.80 | $6,722.08 |
| 15 | 02/15/2014 | $6,621.28 | $109.55 | $6,730.83 |
| 16 | 03/15/2014 | $6,621.28 | $5.77 | $6,627.05 |
| 17 | 04/15/2014 | $6,621.28 | $145.34 | $6,766.62 |
| 18 | 05/15/2014 | $6,621.28 | $33.62 | $6,654.90 |
| 19 | 06/15/2014 | $6,621.28 | $223.68 | $6,844.96 |
| 20 | 07/15/2014 | $6,621.28 | $6.29 | $6,627.57 |
| 21 | 08/15/2014 | $6,621.28 | $134.86 | $6,756.14 |
| 22 | 09/15/2014 | $6,621.28 | $107.23 | $6,728.51 |
| 23 | 10/15/2014 | $6,621.28 | $149.92 | $6,771.20 |
| 24 | 11/15/2014 | $6,621.28 | $241.19 | $6,862.47 |
| 25 | 12/15/2014 | $6,621.28 | $6.52 | $6,627.80 |
| 26 | 01/15/2015 | $6,621.28 | $221.23 | $6,842.51 |
| 27 | 02/15/2015 | $6,621.28 | $82.99 | $6,704.27 |
| 28 | 03/15/2015 | $6,621.28 | $171.88 | $6,793.16 |

# EXHIBIT B

# EXHIBIT B

**STARDUST DINER, INC.**
**d.b.a. COLONY DINER**
**CASE ID 1546598**

| Payment No. | DATE DUE | AMOUNT DUE | INTEREST DUE | TOTAL DUE |
|---|---|---|---|---|
| 29 | 04/15/2015 | $6,621.28 | $125.96 | $6,747.24 |
| 30 | 05/15/2015 | $6,621.28 | $429.53 | $7,050.81 |
| 31 | 06/15/2015 | $6,621.28 | $9.97 | $6,631.25 |
| 32 | 07/15/2015 | $6,621.28 | $309.73 | $6,931.01 |
| 33 | 08/15/2015 | $6,621.28 | $8.52 | $6,629.80 |
| 34 | 09/15/2015 | $6,621.28 | $514.06 | $7,135.34 |
| 35 | 10/15/2015 | $242,003.41 | $6,600.88 | $248,604.29 |
| TOTALS | - | $491,126.93 | $10,395.93 | $501,522.86 |
| 36* | 11/15/2015 | $32,450.00 | $973.50 | $33,423.50 |
| *CMP PAYMENT | | | | |

# EXHIBIT B

## COMPLIANCE PROGRAM

Defendants shall comply with the Fair Labor Standards Act and advise all employees of their rights under the Fair Labor Standards Act. To that end, in addition to complying with the terms the Consent Judgment entered into between Defendants and the U.S. Department of Labor ("USDOL"), Defendants will take the following steps:

(1) For a period of twenty-four months from the entry of the Consent Judgment, Defendants will consult on at least a quarterly basis with **an attorney** regarding Defendants' compliance with respect to recordkeeping and payment of wages as required by the Fair Labor Standards Act. Defendants shall prepare and maintain for a period of twenty-four months from the entry of the Consent Judgment a record that the consultation occurred and of any steps taken to comply with the Fair Labor Standards Act as a result of the consultations. Defendants will make available for inspection such record upon request by the U.S. Department of Labor, Wage and Hour Division;

(2) For a period of twenty-four months from the entry of the Consent Judgment, Defendants will consult on at least a quarterly basis with **an accountant** regarding Defendants' compliance with respect to recordkeeping and payment of wages as required by the Fair Labor Standards Act. Defendants shall prepare and maintain for a period of twenty-four months from the entry of the Consent Judgment a record that the consultation occurred and of any steps taken to comply with the Fair Labor Standards Act as a result of the consultations. Defendants will make available for inspection such record upon request by the U.S. Department of Labor, Wage and Hour Division;

(3) Defendants shall advise their employees of their rights under the Fair Labor Standards Act within thirty (30) days of the entry of the Consent Judgment. Defendants shall advise any new employees of their rights under the Fair Labor Standards at the time that Defendants hire them;

(4) Defendants shall make efforts to keep informed of any changes to the Fair Labor Standards Act. Such efforts could include calling the U.S. Department of Labor, Wage and Hour Division, seeking advice of counsel, or seeking advice of an accountant.

(5) Upon request of the U.S. Department of Labor, Wage and Hour Division, Defendants agree to permit immediate inspection of any of Defendants' records required to be maintained and preserved pursuant to Section 11(c) of the Fair Labor Standards Act and 29 C.F.R. Part 516.

(6) Defendants shall train and educate their supervisors and managers with respect to recordkeeping and payment of wages as required by the Fair Labor Standards Act.

# EXHIBIT C